UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KRISTIN D. TAPLEY,

    Plaintiff,

vs                                                                                 Case No: 09-14182
                                                                                Honorable Victoria A. Roberts

WAGEWORKS, INC., ET AL,

    Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.**     **INTRODUCTION AND PROCEDURAL HISTORY**

On September 18, 2009, Plaintiff filed a four-count Complaint in the Oakland County Circuit Court for: (1) intentional infliction of emotional distress (count I); (2) retaliation and violation of public policy (count II); (3) conspiracy to violate Plaintiff's Civil Rights (count III); and (4) violation of the Whistle-Blower Protection Act (count IV). The case was removed to this Court on October 23, 2009. Pursuant to a Stipulated Order, counts I, II, and III were dismissed on November 2, 2009.

On January 5, 2010, the Court dismissed Plaintiff's claim under the Whistle-Blower Protection Act for failure to state a claim upon which relief can be granted:

> Under the Whistle-Blower Protection Act, "[t]here must be a public element to the matter about which a whistleblower raises an alarm." *Meier v. Detroit Diesel Corp.*, 2006 WL 2089208 at *1 (Mich. App. July 27, 2006) (citing *Shallal v. Catholic Soc. Services of Wayne County*, 455 Mich. 604, 621 (1977) ("The primary motivation of an employee pursuing a whistleblower claim 'must be a desire to inform the public on matters of public concern, and not personal vindictiveness'")); *see also Dolan v. Continental Airlines/Continental Express*, 454 Mich. 373, 381 (1997) ("The

1

act was intended to protect employees who alert the public to 'corruption or criminally irresponsible behavior in the conduct of government or large businesses'") (citation omitted).

Plaintiff alleges Defendants violated the Whistle-Blower Protection Act by terminating her employment after she threatened to tell the Attorney General that Defendants stole her commissions. The allegation that Defendants stole Plaintiff's commissions is not a matter of public concern, and it is not established.

Before the Court is Plaintiff's Motion for Rehearing or Reconsideration. (Doc. #14). Plaintiff says the Court erred by: (1) *sua sponte* raising an issue not addressed by the parties; (2) relying on the dicta of an unpublished case; (3) drawing a conclusion that could not be reached without discovery; and (4) creating a requirement that Plaintiff's Complaint include a "primary motive" to inform the public on a matter of public concern.

## II.     STANDARD OF REVIEW

Eastern District of Michigan Local Rule 7.1(h)(3) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D. Mich. 2001). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(h)(3).

## III. APPLICABLE LAW AND ANALYSIS

### A. Raising an Issue *Sua Sponte*

Plaintiff says the Court's finding – that Defendants' stealing of Plaintiff's commissions was not a "matter of public concern" – was not "established" by either party.

The Court finds Defendants raised the issue of whether Plaintiff's Complaint raises an issue of public concern in their Motion to Dismiss and their Reply.

Defendants' Motion to Dismiss says:

1. [N]othing in [Plaintiff's] Complaint plausibly alleges that . . . her private disputes over what her commissions should be constitute "stealing."

2. [I]t is clear from Plaintiff's own allegations that this was simply a private dispute over the terms of her commission plan[.]

3. A private dispute over a commission plan simply does not equate to alerting the public to corruption or criminally irresponsible behavior in the conduct of government or large businesses. To hold otherwise would convert any single private employment dispute over the terms and conditions of a commission plan into a [Whistle-Blower Protection Act] claim. That is simply not the law.

Defendants' Reply says:

1. Plaintiff [has not] cited even a single case in which an internal employment dispute was deemed to be a violation of law for [Whistle-Blower Protection Act] purposes.

2. Plaintiff's disagreement about commission terms is . . . clearly a personnel dispute over internal company policy [not] any sort of public policy violation[.]

3. [T]he [Whistle-Blower Protection Act] is not intended to police internal employment management disputes.

### B. Dicta of an Unpublished Case

Plaintiff says it was palpable error for the Court to dismiss Plaintiff's Complaint

based on the unpublished case of *Meier v. Detroit Diesel Corp.*, 2006 WL 2089208 (Mich. App. July 27, 2006).

The Court finds *Meier* is not the only case it relied on. In dismissing Plaintiff's Complaint, the Court relied a published case from the Michigan Supreme Court – *Dolan v. Continental Airlines/Continental Express*, 454 Mich. 373 (1997). In addition, *Meier* cited the published Michigan Supreme Court case of *Shallal v. Catholic Soc. Services of Wayne County*, 455 Mich. 604 (1977).

Accordingly, even if the Court completely disregarded *Meier*, its disposition of Plaintiff's Complaint would remain unchanged.

### C. Conclusion Requires Discovery

Plaintiff relies on *Trepanier v. Nat'l Amusements, Inc.*, 250 Mich. App. 578 (2002) and *Johnson v. County of Jackson*, 2003 WL 2113958 (Mich. App. Sept. 11, 2003) to support her position that stealing her commissions could be a matter of public concern. Plaintiff says there has been no discovery on whether Defendants receive public money, or other reasons which could make this an issue of public concern.

In *Trepanier*, plaintiff requested a personal protection order against her co-worker. *Trepanier*, 250 Mich. App. at 580-81. The Court found that obtaining a personal protection order is a matter of public concern: "Assuming the truth of plaintiff's assertions, [a co-worker's] threatening telephone calls could constitute aggravating stalking, a felony and a serious public safety issue." *Id.* at 587-88.

In *Johnson*, the court found that reporting misconduct in an agency receiving public money, and reporting that a public employee allegedly falsified time records, is in the public interest. *Johnson*, 2003 WL 2113958 at *3.

Here, Defendants' stealing of Plaintiff's commissions does not constitute a public safety issue. And, Plaintiff's dispute with a private employer over her personal commissions is not a matter of public concern.

Even assuming all allegations are true, Plaintiff's Complaint constitutes only a personal dispute over the interpretation or existence of her individual commission plan. As a matter of law, such a dispute does not rise to the level of a matter of public concern.

### D. Requirement that Plaintiff's Complaint Include a "Primary Motive" to Inform the Public on a Matter of Public Concern

Plaintiff says to prevail on a claim under the Whistle-Blower Protection Act, she must demonstrate: (1) she was engaged in protected activity by the Act, (2) Defendants discharged her, and (3) a causal connection exists between the protected activity and the discharge. Plaintiff says there is no requirement that her Complaint include a "primary motive" to inform the public on a matter of public concern.

However, the underlying purpose of the Whistle-Blower Protection Act is to protect individuals who inform the public on matters of public concern.

## IV. CONCLUSION

Plaintiff's motion for reconsideration is **DENIED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: June 15, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 15, 2010.

s/Linda Vertriest
Deputy Clerk